FILED

JAN 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NORA WILLIAMS, | No.  18-35958 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-05945-BHS |
| v. | |
| THOMAS MODLY, Acting Secretary of the Navy, | MEMORANDUM* |
| Defendant-Appellee, | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted December 9, 2019**
Seattle, Washington

Before:    MCKEOWN and CHRISTEN, Circuit Judges, and HARPOOL,***
District Judge.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

\*\*\*    The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

Nora Williams was employed by the U.S. Navy. In July 2014, she notified the Navy she had been diagnosed with two medical disabilities and requested a reasonable accommodation (RA) under the Rehabilitation Act of 1973. 29 U.S.C. § 701 *et seq*. In December 2014, she was granted an RA whereby she was allowed to telework full-time with a few specific exceptions. The form memorializing the RA stated it would be revisited in three months. *Id.* In April 2016, Williams' supervisor raised the prospect of revisiting the RA, but this review never occurred. Over the course of her employment, Williams filed multiple EEO complaints against her supervisors for alleged violations of her RA and other discriminatory actions.

Throughout 2015 and 2016, Williams' supervisors personally observed and received reports from other employees of the following instances of her misconduct: (1) she discussed bringing a gun to work with her coworkers; (2) she wore a body camera at work; and (3) she discussed her RA and the RA process with coworkers to the point of disruption. Based on these reports, her supervisors initiated an investigation on August 11, 2016. As part of the investigation, she was interviewed for one hour with a union representative and an HR employee present. Williams requested the HR employee not be present because she had previously filed an EEO complaint against that employee, but HR declined her request. Williams has admitted to the substance of the allegations.

On October 26, 2016, Williams took medical leave relating to her disabilities. On February 10, 2017, the investigation concluded that she had behaved inappropriately. She was issued a Letter of Caution, which was not added to her personnel folder. Immediately after her medical leave expired, Williams used her remaining paid leave, then entered Leave Without Pay status until her medical retirement on March 3, 2018.

Williams sued under the Rehabilitation Act. The district court granted the Navy's summary judgment motion and dismissed the case. On appeal, Williams claims the evidence before the district court could convince a reasonable juror that her supervisors (1) interfered with her RA; (2) subjected her to adverse employment actions in retaliation for protected activities; and (3) created a hostile work environment. Review of a summary judgment ruling is *de novo*. *Branch Banking & Tr. Co. v. D.M.S.I., LLC*, 871 F.3d 751, 759 (9th Cir. 2017).

Williams claims a reasonable juror could find that her supervisor interfered with her RA when he proposed revisiting its terms, likening this to the RA's termination. However, the claim fails because Williams' RA explicitly contemplated its own review. Moreover, the RA was never actually revisited or modified.

Williams next claims a reasonable juror could find she was subjected to the adverse employment actions of being investigated and issued a Letter of Caution in

retaliation for her protected activities of seeking an RA and filing EEO complaints. For purposes of a retaliation claim, an employment action is adverse if it would dissuade a reasonable worker from making a claim of discrimination. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006).

While an investigation may in some instances be considered an adverse employment action, an employer is "required . . . to investigate when it receives credible allegations of . . . misconduct[.]" *Campbell v. Hawaii Dep't of Educ.*, 892 F.3d 1005, 1022 (9th Cir. 2018). We conclude the allegations of misconduct, later corroborated by Williams, were credible and justified both the investigation and the issuance of the Letter of Caution. For this reason, the investigation cannot be considered an adverse employment action. The panel notes the Letter of Caution could not have changed the conditions of Williams' employment in any event because it was unpublicized and not even issued until after she had taken permanent leave from work. Such a letter, when addressing actual misconduct, would not "dissuade a reasonable worker from making a claim of discrimination" and as such was not an adverse employment action. Because there is no genuine issue of material fact as to whether Williams suffered an adverse employment action, she cannot make a *prima facie* retaliation claim. *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004).

Finally, Williams claims a reasonable juror could find she was subjected to a

hostile work environment. A hostile work environment claim relies on a series of separate acts that collectively are so severe and offensive that they alter the conditions of plaintiff's employment. *Nat'l Ry. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) (internal citations omitted); *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995). Here, Williams relies on (1) the unwanted presence of an HR employee she had once filed an EEO claim against at her interview; and (2) emails between her supervisors discussing negative impact on the workplace, which she only learned of during discovery. Considering the totality of the circumstances, these acts were not so serious or pervasive as to alter the conditions of her employment. Even assuming a hostile work environment claim exists in the context of the Rehabilitation Act, there is no genuine issue of material fact as to whether a hostile work environment existed here.

**AFFIRMED**.